IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANQUAVIOUS SEALS, : | |
| : | |
| Plaintiff, : | Case No.: 1:11-CV-99 (WLS) |
| : | |
| v. : | |
| : | |
| Officers MARCUS, BELL, and RANDALL, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Before the Court is a Recommendation (Doc. 49) from United States Magistrate Judge Thomas Q. Langstaff, filed January 25, 2013. The Recommendation concerns a Motion for Summary Judgment filed by Defendants Charlie Marcus and Horace Randall. (Doc. 33). Defendants request that the Court grant judgment in their favor as to Plaintiff Anquavious Seals's Complaint, filed pursuant to 42 U.S.C. § 1983, which alleges that Defendants acted deliberately indifferent to his safety while he was confined at Autry State Prison (Docs. 1, 11). Specifically, Plaintiff alleges that Defendants failed to protect him from, or intervene in, an assault on his person. (*See generally id.*) Judge Langstaff recommends that Defendants' Motion for Summary Judgment be granted. (Doc. 49 at 14, 16.)

Judge Langstaff informed Plaintiff that the period within which to file a written objection to the Recommendation would expire on February 8, 2013. (*Id.*) Plaintiff did not file a written objection, however, until February 11, 2013. (*See* Doc. 50.) Thus, this Court finds that Plaintiff's Objection is untimely. This same finding applies to the Supplemental Objection that Plaintiff filed on February 12, 2013. (Doc. 52.) Nevertheless, in the interests of justice, the

1

Court will address Plaintiff's Objections.

In his Objections, Plaintiff objects to Judge Langstaff's recommendation with various facts that do give this Court reason to differ with Judge Langstaff's Recommendation. Plaintiff argues in support of his claim that: 1) he did not have to see the Defendants unlock the door to demonstrate that Defendants Randall and Bell let Inmates Wilkerson and Brown out of their cells; 2) Defendants Marcus and Bell failed to protect him when they did not render any aid while he was being attacked; and 3) Defendant Marcus lied about Inmate Brown having a weapon.[1] However, none of these assertions negate Judge Langstaff's finding that Defendants are entitled to summary judgment. In fact, all of these objections touch on arguments made previously by Plaintiff and amply (and correctly) addressed in Judge Langstaff's Recommendation. Therein, Judge Langstaff concluded that, even on the facts alleged by Plaintiff, Plaintiff has failed to allege a claim for deliberate indifference. This Court agrees with this finding.

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 49) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the

---

[1] Plaintiff also asserts that the Recommendation stated that Defendant Randall restrained Inmate Wilkerson, when, in fact, the record reflects that it was Defendant Bell who restrained Inmate Wilkerson. (Doc. 50 at 2.) However, the Court believes that this was a mere clerical error. On page 11 of the Recommendation, Judge Langstaff notes that Plaintiff's deposition testimony and response in opposition to Defendants' summary judgment reflect that it was Defendant Bell who pulled Inmate Wilkerson off of Plaintiff. (Doc. 49 at 11.) Defendants' Statement of Undisputed Material Facts also states that Officer Bell restrained Inmate Wilkerson. (Doc. 33-2 ¶ 8.) Thus, the record does reflect that Officer Bell restrained Inmate Wilkerson, and any statement to the contrary in Judge Langstaff's Recommendation is a clerical error that does not affect the outcome of this case.

conclusions reached and reasons stated herein.  Accordingly, Defendants' Motion for Summary Judgment (Doc. 33) is hereby **GRANTED**.

    **SO ORDERED**, this   22nd   day of February, 2013.

                                            /s/ W. Louis Sands
                                            **THE HONORABLE W. LOUIS SANDS,**
                                            **UNITED STATES DISTRICT COURT**